IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARRELL LYNCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 4:21-cv-00778-DGK |
| | ) | Crim. No. 4:18-cr-00129-DGK-11 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER DENYING PETITIONER'S SECTION 2255 MOTION TO VACACTE, SET ASIDE, OR CORRECT HIS SETENCE

Now before the Court is Petitioner Darrell Lynch's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Civ. Case, Mot. to Vacate, ECF No. 1.[1] He argues he should be resentenced because his attorney was constitutionally ineffective at sentencing. *Id*. The Government opposes the motion. Civ. Case, Opp'n, ECF No. 7. Although the Court granted Petitioner an extension to file his reply brief, Crim. Case, ECF No. 576, Petitioner never filed one.

The motion is DENIED because Petitioner has not shown that his counsel was ineffective. The Court also denies Petitioner's hearing request and declines to issue a certificate of appealability.

**Background**

On May 22, 2018, Petitioner and twelve co-conspirators were indicted for a multi-year drug conspiracy that occurred in Kansas City, Missouri. For his part, Petitioner was charged with (1) conspiracy to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of

---

[1] The Court refers to the docket entries in Petitioner's civil case as "Civ. Case, ECF No. __," and it refers to the docket entries in Petitioner's criminal case as "Crim. Case, ECF No. __."

marijuana or 1,000 or more marijuana plants (Count 1); and (2) conspiracy to commit money laundering (Count 16). Crim. Case, ECF No. 1.

On April 17, 2019, Petitioner pled guilty to (1) conspiracy to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana or 100 or more marijuana plants, which was a lesser-included offense of what was charged in Count 1; and (2) conspiracy to commit money laundering as charged in Count 16. Crim. Case, ECF Nos. 169, 229. At Petitioner's change-of-plea hearing, Petitioner stated that he had no complaints about his counsel's performance and that he understood the charges and statutory range of punishment. Crim. Case, ECF No. 229 at 10–16.

On October 1, 2019, the U.S. Probation Office issued a Presentence Investigation Report ("PSR") that incorporated Petitioner's objections. Crim. Case, ECF No. 191. The PSR recommended an advisory Sentencing Guidelines range of 135 to 168 months. *Id.* ¶ 122. To reach that number, the PSR applied, among other things, a three-level enhancement under § 3B1.1(b) for Petitioner being a manager or supervisor of the criminal activity as well as a three-level reduction under § 3E1.1(b) for acceptance of responsibility. *Id.* ¶¶ 73, 77–78. The PSR contained a lengthy and detailed discussion of the relevant offense conduct that included Petitioner's direction or use of various named and unnamed co-conspirators to distribute marijuana and launder money. *Id.* ¶¶ 6–62. Petitioner's counsel objected to many—but not all—of the PSR paragraphs that relayed this conduct. *Id.* at 34–38. Petitioner's counsel also filed a sentencing memorandum in which he specifically objected to the three-level enhancement for Petitioner allegedly being a manager or supervisor. Crim. Case, ECF No. 204 at 3. The Government also filed a sentencing memorandum, arguing that the unobjected to sections of the PSR demonstrated that Petitioner was a supervisor or manager. Crim Case, ECF No. 205 at 2–3.

2

On January 22, 2020, the Court held a sentencing hearing. Crim. Case, ECF No. 230. Based on the allegations that were not objected to in the PSR, the Court overruled Petitioner's counsel's objections and found that a three-level enhancement was appropriate for Petitioner being a manager or supervisor. *Id.* at 8:09–24. The parties then argued what the appropriate sentence should be based on the § 3553(a) factors. The Government requested a sentence of 168 months' imprisonment, *id.* at 12:14, while Petitioner sought a 72-month sentence, *id.* at 14:17. After balancing the applicable § 3553(a) factors, the Court sentenced Petitioner to 150 months' imprisonment. *Id.* at 22:23. In doing so, the Court noted that but for Petitioner's counsel's compelling § 3553(a) arguments, it would have sentenced Petitioner above the guidelines. *Id.* at 21:25–22:05.

**Standard**

A motion under § 2255 provides "federal prisoners with a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (internal quotation marks omitted). To succeed on an ineffective-assistance-of-counsel claim, the Petitioner "must show [1] that counsel's performance was deficient, and [2] that the deficient performance prejudiced the defense." *Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To satisfy the deficiency prong, the Petitioner must establish that his counsel's performance fell "below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) (internal quotation marks omitted). In analyzing this prong, the Court must be mindful that a "counsel's strategic choices made after a thorough investigation of law and facts…are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

3

Prejudice is established by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020). Reasonable probability "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

**Discussion**

Petitioner argues that his counsel was ineffective in two respects: (1) he erroneously failed to object to certain paragraphs in the PSR that the Court ultimately relied upon to apply the three-level manager or supervisor enhancement; and (2) he erroneously failed to object at sentencing to the Government's failure to present evidence for the enhancement and the Court's reliance on the PSR to find the enhancement applied. Mot. at 10–12. The Court addresses each argument in turn.

**I.     Counsel was not ineffective for failing to object to certain PSR paragraphs.**

Petitioner first argues that his counsel should have objected to the PSR paragraphs that the Court relied upon to find the manager or supervisor enhancement. Mot. at 9. According to Petitioner, this failure prejudiced him because had counsel objected, the Government was not prepared to present evidence at the hearing to satisfy the enhancement. *Id.* at 10.

Petitioner has not established either prong of the *Strickland* test. First, counsel was not deficient for not objecting to the highlighted PSR paragraphs. Petitioner presents no evidence— or even an argument—that those paragraphs were incorrect or unsupported by evidence. To the contrary, those paragraphs were extremely detailed and relied upon statements from several confidential informants, evidence from traffic stops and other surveillance, and accounts from law enforcement. So any objection to these paragraphs would likely have been meritless. *See Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) ("Counsel's failure to advance a meritless argument cannot constitute ineffective assistance."). More fundamentally, there was a

significant strategic risk to objecting to these paragraphs. Had counsel done so, the Government would have brought witnesses to the hearing—including law enforcement officers and cooperating co-defendants—to prove the detailed statements from the PSR. The Court, then, would have not only overruled Petitioner's meritless objections, but also denied him the three-level reduction for acceptance of responsibility. *See United States v. Seys*, 27 F.4th 606, 611 (8th Cir. 2022) (affirming denial of acceptance of responsibility based on frivolous objections). This would have led to a higher sentence than what Petitioner received. So given this substantial risk, counsel was not deficient for failing to object to the highlighted paragraphs. *See Haney*, 962 F.3d at 375 (holding that counsel was not deficient for making similar objections that would have likely backfired and resulted in a stiffer—not more lenient—sentence).

Second, Petitioner has fallen well short of establishing prejudice. Petitioner *assumes* that had counsel objected to these provisions, the Government would not have presented evidence, the Court would have found that he was not a manager or supervisor, and he would have received a lower sentence. But this assumption is incorrect. As the Government notes, and as the detailed nature of the PSR corroborates, the Government had no shortage of witnesses to call to establish the veracity of the statements in the PSR that established he was a manager or supervisor. And based on that evidence, the Court would have overruled Petitioner's objections and likely sentenced him more harshly. Far from being prejudiced, Petitioner likely benefited from his counsel's strategic decision not to object to the highlighted PSR paragraphs.

**II.     Counsel was not ineffective for failing to object to the Government not presenting evidence or the Court's findings based on the PSR.**

Petitioner next contends that his counsel was ineffective for failing to object to the Government not presenting evidence at the sentencing hearing and the Court relying on the PSR to make the manager or supervisor enhancement finding. Mot. at 10–11.

5

Petitioner's counsel was not ineffective for failing to make these objections because they would have been meritless. Prior to the sentencing hearing and based on sound strategic reasons, counsel made objections to some—but not all—the PSR paragraphs. Because the unobjected to PSR paragraphs were sufficient to establish the manager or supervisor enhancement, the Government was under no obligation to present evidence at the hearing. *United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009). Likewise, the Court could rely on those same paragraphs to find that the enhancement applied. *Id.* Had Petitioner's counsel objected at the hearing to either the Government's failure to present evidence or the Court's reliance on the PSR, the Court would have overruled those meritless objections. Thus, counsel was not deficient for failing to object.

### III.    A hearing is not warranted on Petitioner's motion.

A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003); *see Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) ("A Section 2255 petitioner is entitled to an evidentiary hearing…unless the motion, files, and record conclusively show he is not entitled to relief.").

Here, Petitioner's conclusory allegations about ineffective assistance of counsel are clearly contradicted by the record, so he is not entitled to relief. Thus, a hearing is not required.

### IV.    A certificate of appealability will not be issued.

Petitioner can only appeal if a certificate of appealability is issued by this Court or a circuit judge. *See* 28 U.S.C. § 2253(c)(1)(B). Since Petitioner has not made a substantial showing of the

6

Case 4:21-cv-00778-DGK   Document 8   Filed 12/15/22   Page 6 of 7

denial of a constitutional right or raised a debatable issue among reasonable jurists, this Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence is DENIED. The Court declines to hold a hearing or issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  December 15, 2022              /s/ Greg Kays
                                                                    GREG KAYS, JUDGE
                                                                    UNITED STATES DISTRICT COURT